JUDGE FAILLA            14 CV 6204

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

PABLO HENRIQUEZ,

                        Plaintiff,

          -against-

Lieutenant ENRIQUEZ RODRIGUEZ; Police Officer HARRY BONHOMME, Shield No. 28127; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                        Defendants.

**COMPLAINT**

Jury Trial Demanded

------------------------------------------------------------- x

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Pablo Henriquez ("plaintiff" or "Mr. Henriquez") is a resident of Bronx County in the City and State of New York.

7. Defendant Lieutenant Enriquez Rodriguez ("Rodriguez"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Rodriguez is sued in his individual and official capacities.

8. Defendant Police Officer Harry Bonhomme, Shield No. 28127 ("Bonhomme"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Bonhomme is sued in his individual and official capacities.

9. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

10. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

11.     At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

12.     At approximately 7:45 p.m. on November 17, 2012, Mr. Henriquez was lawfully present in the vicinity of Sheridan Avenue and 169th Street in the Bronx, New York.

13.     Mr. Henriquez was standing with his friends when defendants pulled up in a police vehicle and approached them.

14.     Without reasonable suspicion, defendants detained and searched Mr. Henriquez and his friends.

15.     No contraband was recovered.

16.     The defendants handcuffed and arrested Mr. Henriquez, even though defendants knew that they lacked arguable probable cause to do so.

17.     Mr. Henriquez was taken to a police precinct and subjected to an unlawful strip search.

18.     At the precinct, defendants falsely informed employees of the Bronx County District Attorney's Office that they had observed plaintiff smoke marijuana.

19.     At no point did the officers observe plaintiff smoke marijuana or commit any crime or offense.

20.     Plaintiff was then taken to Bronx Central Booking.

21. After spending approximately 24 hours in custody, Mr. Henriquez was arraigned in Bronx County Criminal Court.

22. At arraignment, the criminal charges were adjourned in contemplation of dismissal and Mr. Henriquez was released.

23. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

24. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

25. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

26. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

27. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

28. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

29. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### THIRD CLAIM
### Denial Of Constitutional Right To Fair Trial

30. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

31. The individual defendants created false evidence against plaintiff.

32. The individual defendants forwarded false evidence to prosecutors in the Bronx County District Attorney's office.

33. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

34. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
## Unlawful Strip Search

35. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36. The defendants violated the Fourth and Fourteenth Amendments because they unlawfully subjected plaintiff to a strip search without legal justification.

37. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
## Failure To Intervene

38. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

39. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

40. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

41. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated:      August 5, 2014
            New York, New York

                              HARVIS WRIGHT & FETT LLP

                              _____
                              Gabriel Harvis
                              305 Broadway, 14th Floor
                              New York, New York 10007
                              (212) 323-6880
                              gharvis@hwandf.com

                              *Attorneys for plaintiff*